IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDREW JOSEPH BRANIGAN,<br><br>Defendant. | Criminal No. 1:25-cr-017<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced following Defendant's plea of guilty to Receipt of Child Pornography in violation of Title 18, United States Code, Section 2252(a)(2), and 2522(b)(1). The Presentence Investigation Report ("PSR") calculated a Total Offense Level of 37 and a Criminal History Category of I with an advisory guideline range of 210-240 months' imprisonment. (PSR ¶ 123.)

**I.    Advisory Guideline Range**

The PSR calculated a Base Offense Level of 22 pursuant to USSG §2G2.2(a)(2). (PSR ¶ 39.) A 2-level enhancement was applied for the involvement of prepubescent children pursuant to USSG §2G2.2(b)(2). (PSR ¶ 40.) A 5-level enhancement was applied for distribution in exchange for something of value pursuant to USSG §2G2.2(b)(3)(B). (PSR ¶ 41.) A 2-level enhancement was added for use of a computer pursuant to USSG §2G2.2(b)(6). (PSR ¶ 43.) A 4-level enhancement was attributed for sadistic conduct or violence or for the sexual exploitation of an infant or toddler

1

consistent with USSG §2G2.2(b)(4). (PSR ¶ 42.) A 2-level enhancement was applied for use of a computer pursuant to USSG §2G2.2(b)(6). (PSR ¶ 43.) Lastly, a 5-level enhancement was attributed for number of images pursuant to USSG §2G2.2(b)(7)(D). (PSR ¶ 44.) A 3-level reduction was applied for acceptance of responsibility pursuant to USSG §§3E1.1(a), (b). (PSR ¶¶ 50. 51.) The Government will recommend the third level reduction to the Court. The Defendant filed objections to paragraphs 61, 67, 68, 69, 70, 79, 91, and 115, which do not impact the offense level or guideline computation. The Government did not object to the PSR report, however, a report was provided to US Probation and the Defendant that contradicts the information contained in paragraph 3. The Government has included this report along with the messages as part of the sentencing memorandum as Government Exhibits 1 and 2 (filed under seal).

## II.  Restitution

Restitution is applicable in the offenses of conviction in an amount to be determined by the Court but not less than $3,000. (R. Doc. 30, ¶ 23.) The Court will need to determine the appropriate amount of restitution to be assessed to the victims that have requested restitution, which include Pia- 3 files, April- 2 files, Julie- 2 files, Jenny- 1 file, SV- 4 files and Ali- 1 file. (PSR ¶ 33a.)

## III.  Forfeiture

The Government seeks forfeiture of the cellular phone listed in the Indictment and the Plea Agreement and consistent with the preliminary order of forfeiture filed at docket 41. (R. Doc. 2; 30, ¶ 18.)

### IV.   Fine

The Defendant is also subject to an assessment of not more than $35,000 pursuant to 18 USC §2259A. The Government is recommending the Court impose an assessment of $1000 after considering the relevant factors in 18 USC §§ 3553(a) and 3572, which include the restitution requested by victims of this offense of conviction.

### V.   Title 18 U.S.C. § 3553(a) Factors.

The factors the Court must use to determine the sentence to be imposed are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
>    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the sentencing range from the guidelines;
> (5) any pertinent policy statements by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however.

The first factor to consider is the nature and circumstances of the offense and the history and characteristics of Defendant. Law enforcement received a cybertip that Kik submitted to NCMEC after Syd Farlom, had 10 videos of child pornographic material on his user account. (PSR ¶¶ 13, 16.) The cybertips videos involved young children captured in a variety of illegal sex acts. (PSR ¶ 17.) Law enforcement linked Defendant to the Syd Farlom Kik account. (PSR ¶¶ 14, 15, 16, 20, 21.)

Law enforcement executed a search warrant and seized a cellular phone which was forensically analyzed and contained 50 videos and 600 images of child sexual abuse material with a receipt date range between August and November 2024. (PSR ¶ 26.) When questioned by police, Defendant admitted to receiving and possessing approximately 100 images and/or videos of child pornography on his cellular phone. (PSR ¶ 24.) Additionally, Defendant admitted that he sent and received child pornography with other users on social media applications. *Id*. Defendant also stated that he preferred children between the age of 6-8 years old and masturbated to the child sexual abuse material. *Id*.

Defendant's offense circumstances are egregious and dangerous. Defendant's cell phone contained chats between Defendant and other individuals, discussing Defendant's desire to engage in sex acts with a child between the age of 3-10 years old. (PSR ¶ 28.) Defendant also distributed and received child pornography during

4

these chats and sent images of his children to these like-minded individuals who then admitted to masturbating to the images. (PSR ¶ 26.)

The actions of Defendant, the distribution, receipt and possession of child pornography, the nature and youth of the children involved in the images and videos, the chats with other like-minded individuals who want to harm children, warrant a guideline sentence.

In mitigation, Defendant has some health diagnosis' that may warrant ongoing treatment for while incarcerated.  (PSR ¶¶ 90-93.) Defendant also has a consistent work history. (PSR ¶¶ 106-110.)

When crafting an appropriate sentence, the Court must also consider adequate deterrence to both Defendant as well as others who are similarly situated. The protection of children and the community is a paramount consideration in this case.  The Government is advocating for a sentence within the advisory guideline range.

    Respectfully Submitted,

    David C. Waterman
    United States Attorney

By: */s/ Shelly Sudmann*
    Shelly Sudmann
    Assistant United States Attorney
    2146 27th Avenue, Suite 400
    Council Bluffs, Iowa 51501
    Tele:  (712) 256-5009
    Fax:   (712) 256-5112
    Email:  shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail ____ Fax ____Hand Delivery

_X_ ECF/Electronic filing _X_ Other means (Email)

UNITED STATES ATTORNEY

By: */s/Madison Lancaster*
    Supervisory Paralegal

6